No. 4728.

DAVE C. JOHNSON VS. LA VARIÉTÉ ASSOCIATION.

At the time the plaintiff became a stockholder in said corporation, in January, 1871, the club existed with the exclusive rights and privileges of which he complains, and he attended the various meetings of the stockholders thereafter, especially that of May 2, 1872, at which he voted for the amendment of the charter increasing the shares to fifteen hundred dollars; and, furthermore, in conformity to the rules of the club, he made formal application to become a member of said club, to the formation and action of which he now objects, but admission was refused. He must be held to have purchased with reference to the rules and conditions existing at the time by the charter and by-laws, and he is bound by the action of the club upon his application for membership.

Plaintiff is not denied any rights to which he is entitled as stockholder. The distinctions of which he complains were established by the charter, and he does not show any violation of the provisions of the charter and by-laws to his prejudice. Hence, he has not shown any legal ground for the injunction obtained.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Charles S. Rice & Whitaker*, for plaintiff and appellee. *Breaux, Fenner & Hall*, for defendant and appellant.

HOWELL, J. The plaintiff alleges that he is the owner of one share of the capital stock in " La Variété Association," which entitles him to all the rights and privileges of every other stockholder; but that a majority of the stockholders have formed within said association an organization or club, and have as stockholders granted unto themselves certain pretended exclusive rights and privileges, and have declared that the stockholders in said association who are not likewise members of said club shall not enjoy said rights and privileges, among which are the "exclusive

right of admission to that part of the Varieties Theatre known as the 'club-room and stockholders' seats and passages leading thereto;'" and the sole right allowed to stockholders not members of said club is that of sitting in the public auditorium of said theatre, in any seat not otherwise occupied during any performance, from which seat he may be removed by a purchaser of a ticket for such seat; that for these exclusive rights and use the association receives no compensation; that the said club assumes to itself the right to determine who shall become members thereof, and has denied to plaintiff and others such membership and access to and use of the club-room, stockholders' seats, and the passages leading thereto; and that he demanded the said rights and privileges, or that said association purchase from him his stock at par value (fifteen hundred dollars), both of which were refused. He prayed for and obtained an injunction restraining the said association, its officers, and members from obstructing him in the enjoyment of said rights and privileges.

The defense is that plaintiff subscribed to said stock under the terms and conditions of the charter of said association; that he has been refused none of the privileges granted by said charter to any stockholder of said association, as such, and there is a prayer for damages.

Judgment was rendered perpetuating the injunction, and defendants appealed.

At the time the plaintiff became a stockholder in said corporation (in January, 1871,) the "club" existed with the exclusive rights and privileges of which he complains; and he attended the various meetings of the stockholders thereafter, especially that of May 2, 1872, at which he voted for the amendment of the charter increasing the shares to fifteen hundred dollars. And, furthermore, in conformity to the rules of the club, he made formal application to become a member of said club, but admission was refused. He must be held to have purchased with reference to the rules and conditions existing at the time by the charter and by-laws, and he is bound by the action of the club upon his application for membership. He is not denied any rights to which he is entitled *as stockholder*. The distinctions of which he complains were established by the charter, and he does not show any violation of the provisions of the charter and by-laws to his prejudice. We can not see that he has shown any legal ground for the injunction obtained.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction be dissolved and plaintiff's suit dismissed with costs in both courts.

Rehearing refused.

Mr. Justice Morgan took no part in this case.